IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| VENESIA McCLANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:10cv219-MHT |
| | ) | (WO) |
| MACON COUNTY BOARD OF EDUCATION; GWENDOLYN T. MOORE; and JAMES BEACHER, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

The issue before the court is whether some of the parties to this litigation should be allowed to file a motion for summary judgment over two months after the deadline for dispositive motions established earlier by the court in a pretrial scheduling order issued pursuant to Rule 16 of the Federal Rules of Civil Procedure. For the reasons that follow, the answer is no.

**I.**

**Because dates and deadlines are important in the resolution of the matter before the court, the following chronological background is provided:**

**March 11, 2010: Plaintiff Venesia McClaney filed this lawsuit against the following defendants: (1) the Macon County Board of Education; (2) Gwendolyn T. Moore, the former superintendent of the Macon County School System; and (3) James Beacher, a former teacher in the school system. McClaney asserts the following federal claims: (1) sex discrimination and retaliation, based on Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 1981a, 2000e though 2000e-17) and the Fourteenth Amendment (as enforced through 42 U.S.C. § 1983); and (2) interference and retaliation under the Family and Medical Leave Act (29 U.S.C. § 2601-2654). She also charges them with the following state claims: (1) invasion of privacy and (2) assault and battery.**

**<u>April 7</u>: Pursuant to Rules 16 ("Pretrial Conferences; Scheduling; Management") and 26 ("Duty to Disclose; General Provisions Governing Discovery") and Form 52 ("Report of the Parties' Planning Meeting") of the Federal Rules of Civil Procedure, the parties submitted a planning report recommending a trial date of February 14, 2011, and that dispositive motions should be filed not later than 90 days before the pretrial conference. Because this case arises out of the Eastern Division of the Middle District of Alabama, the trial will take place at the federal courthouse in Opelika, Alabama, the division's seat. For 2011, the court will hold trials in Opelika on only three dates: February 14, June 6, and November 7.**

**<u>April 9</u>: Pursuant to Rule 16, the court entered a uniform-scheduling order adopting the parties' recommendation that the trial be set for February 14, 2011, and that dispositive motions be filed 90 days before**

the pretrial conference.[1]

---

1. The requirement that the parties file dispositive motions no later than 90 days before the pretrial conference is a uniform one of all the district judges of this court. The basis for the requirement, as explained on the court's website, is as follows:

> "Litigants before the Court are entitled to careful consideration of the issues by the Court. In order to give non-movants a reasonable time to respond and movants time to reply, final submission is approximately a month after the dispositive motion is filed. The Court must have sufficient time to fully and properly consider issues raised on a motion for summary judgment. The deadlines established in the Court's scheduling order insure achievement of these purposes. The judges try to resolve summary judgment motions in advance of pretrial hearings. Neither moving the summary judgment deadline to the cutoff of discovery nor cutting off discovery at the earlier summary judgment deadline would be appropriate. Any attorney viewing a case as one appropriate for summary judgment should schedule discovery to allow the deadline to be met. Setting the dispositive motion deadline prior to the end of discovery also recognizes the realities of litigation. Often factual issues which should be developed for trial are not necessary for resolution of summary judgment issues. If summary judgment is

(continued...)

**The court also set the pretrial conference for January 14, 2011. The uniform-scheduling order also provided that any objections to the order must be filed within 14 days from the date of the order.**

**<u>April 23</u>: Under the uniform-scheduling order, this was the deadline for filing objections to that order. No objection was was filed.**

**<u>October 16</u>: Under the uniform-scheduling order, this was the deadline for filing dispositive motions. No such motion was filed.**

---

**1. (...continued)**
**denied, a discovery cut-off after the time for filing dispositive motions allows discovery to proceed without the necessity of a motion to reopen discovery. The court encourages lawyers to conduct discovery in a manner consistent with "just, speedy and inexpensive" procedures. See Federal Rules of Civil Procedure, Rule 1."**

**Attorney FAQ, United States District Court--Middle Alabama (Jan. 3, 2011), Frequently Asked Questions http://www.almd.uscourts.gov/faqs/attorney_faq.htm#rule 16.**

**December 22: The defendants filed a motion for leave to file an untimely motion for summary judgment.**

**December 27: The defendants filed a motion for summary judgment.**

**December 28: The plaintiff filed a motion to strike the defendants' summary-judgment motion as untimely.**

**December 29: The court held an on-the-record conference call to discuss the pending motions with counsel for all parties.**

**II.**

**The issue presented in the pending motions is whether defense counsel should be allowed to file a motion for summary judgment over two month after the deadline for filing dispositive motions. A district court is required to issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). "This order controls the course of the action ...," Fed. R. Civ. P.**

**16(d), and may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A district court retains "broad discretion in deciding ... whether to consider untimely motions for summary judgment." Enwonwu v. Fulton-Dekalb Hosp. Auth., 286 Fed. Appx. 586, 595 (11th Cir. 2008) (internal quotations marks and citation omitted). Under Rule 16(b)(4), the party seeking to extend a deadline bears the burden of demonstrating good cause for modifying the uniform-scheduling order; otherwise, a party's lack of diligence and failure to notify the court of delays "would render scheduling orders meaningless." Sosa v. Airprint Sys., 133 F.3d 1417, 1419 (11th Cir. 1998). The court finds that the defendants have failed to demonstrate good cause for why they did not request a modification to the scheduling order until over two months (December 22, 2010) after the deadline for dispositive motions (October 16, 2010).**

Counsel for the defendants contends that she missed the October 16 dispositive-motion deadline because two of the defendants, Moore and Beacher, were terminated after the filing of this lawsuit and were uncooperative in providing discovery to her. The court rejects defense counsel's excuse for several reasons.

First, while Superintendent Moore's contract was terminated after the filing of this lawsuit, it was terminated on June 30, 2010, long before the October 16 dispositive-motion deadline. And while Beacher's contract was terminated on October 26 and thus after the deadline, he was still terminated over two months before defense counsel filed her extension request. But more importantly, defense counsel's representations during the December 29 conference call reflect that her difficulty in getting information from both Moore and Beacher began in late spring or early summer, long before both the October 16 dispositive-motion deadline and the December 22 date on which she filed her extension request. Thus,

**as August, then September, and eventually October rolled around, defense counsel did nothing even though, throughout the summer and early fall, she knew that she did not have the information she contends she needed from Moore and Beacher to prepare her case and file a dispositive motion. Despite this long-standing difficulty she did not ask for a hearing with the court to discuss her problem, nor did she file a timely extension request when it became clear that she could not meet the dispositive-motion deadline. Simply put, defense counsel has no excuse for allowing the October 16 dispositive-motion deadline to pass in silence. In any event, defense counsel has offered no reason whatsoever for waiting six months after Superintendent Moore was terminated and over two months after Beacher was terminated to file her motion to extend the dispositive-motion deadline.[2]**

---

**2. During the December 29 conference call, defense counsel emphasized that her problem with Moore and Beacher did not arise until after the 14 days she had to object to April 9 scheduling order. The court is not quite sure what she means by this representation. If she (continued...)**

**Second, the uniform-scheduling order provides that: "Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, ... 'eleventh hour' extension requests and motions will be denied outright." Scheduling order (doc. no. 14), at § 15(B). If foreseeable eleventh-hour extension requests are inexcusable, a foreseeable extension request that comes over two months after a deadline is even more inexcusable. As already explained, defense counsel's problems were clearly foreseeable months before the October 16 dispositive-motion deadline, and, in any event, defense counsel has offered no excuse for waiting an additional two months after the deadline to file her extension request.**

---

**2. (...continued)**
**is suggesting that she believed she could not request an extension of any scheduling-order deadline after 14 days, her belief is belied by, first, the fact that she did, in fact, file an extension request and, second, the provision in Rule 16(b)(4) that allows for timely modifications of a scheduling order for "good cause."**

Third, it appears that plaintiff's counsel would be prejudiced if the court were to allow the requested extension. The pretrial conference is less than a month away, and the trial is less than two months away. Plaintiff's counsel credibly notes that he would now have to divert his activities away from trial preparation as well as other office matters in order to address, at this late time in the case proceedings, defense counsel's summary-judgment motion. Moreover, because the court's next Opelika trial term is not until June 6, 2011, a continuance to allow more trial-preparation time to the plaintiff would mean that the plaintiff would have to wait an additional four months before her claims could be heard and, if her claims have merit, before she could receive the monetary and injunctive relief to which she would be entitled.

Fourth and finally, while, during the December 29 on-the-record conference call, defense counsel candidly admitted she deserved "a shellacking," she could not come

**up with a sanction that would vindicate the October 16 deadline as well as ameliorate the plaintiff's prejudice. She said that the school board has no money either to pay a sanction to the court or to pay plaintiff's attorney for any additional expense he might incur as a result of this significant interruption of the orderly progress of this litigation.[3]**

*******

**For the foregoing reasons, it is ORDERED that**

**(1) Defendant Macon County Board of Education, Gwendolyn T. Moore, and James Beacher's motion for leave to file for summary judgment (doc. no. 21) is denied.**

---

**3. Nor would allowing the late summary-judgment motion necessarily obviate the need for a trial. Defense counsel admitted, during the December 29 conference call, that it was likely that some part of the litigation would still survive summary judgment. Thus, this case is likely to go to trial even if the court were to consider the defendants' untimely summary-judgment motion.**

**(2) Defendants Macon County Board of Education, Moore, and Beacher's motion for summary judgment (doc. no. 22) is denied as untimely.**

**(3) Plaintiff Venesia McClaney's motion to strike (doc. no. 30) is denied as moot.**

**DONE, this the 3rd day of January, 2011.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**